**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHRISTINA OLENICK,**

    **Plaintiff,**

**v.**                                                              **Case No:**

**CITIBANK, N.A.,**

    **Defendant.**                                      **DEMAND FOR JURY TRIAL**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

    **COMES NOW**, Plaintiff, **CHRISTINA OLENICK** ("Ms. Olenick" or

"Plaintiff"), by and through the undersigned counsel, and hereby sues and files this

Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant,

**CITIBANK, N.A.** ("Defendant") and in support thereof states as follows:

### *Introduction*

1. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. §

    559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone

    Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection

    Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in using an automatic telephone

    dialing system or an artificial or prerecorded voice to place calls to Ms. Olenick's

    Cellular Telephone number attempting to collect a debt after Ms. Olenick expressly

    revoked consent for Defendant to place calls to her Cellular Telephone, and by calling

    Ms. Olenick with such frequency, which can reasonably be expected to harass her.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5. Plaintiff, Ms. Olenick, was and is a natural person and, at all times material hereto, is an adult, a resident Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. Ms. Olenick is the regular user and subscriber of the cellular telephone number 727-***-1652 ("Ms. Olenick's Cellular Telephone"), and thereby is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii).

7. At all times material hereto, Defendant was and is an active bank with its headquarters located at 701 East 60th Street North, Sioux Falls, SD 57104.

### *Statements of Fact*

8. In or around 2016, Ms. Olenick opened a line of credit with Defendant for her personal purchases with Home Depot ("Account").

9. Sometime thereafter, Ms. Olenick fell behind on her monthly payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

10. On or around August 10, 2017, Defendant began placing calls to Ms. Olenick's Cellular Telephone in attempts to collect the Debt.

11. Ms. Olenick has answered several of Defendant's calls and repeatedly demanded that Defendant stop calling her Cellular Telephone.

12. Despite Ms. Olenick's repeated demands, Defendant continued to place calls to Ms. Olenick's Cellular Telephone in attempts to collect the Debt.

13. Defendant called Ms. Olenick's Cellular Telephone at least two hundred (200) times from August 10, 2017 through the current date.

14. Defendant called Ms. Olenick's Cellular Telephone from several different telephone numbers, including, but not limited to: 816-420-4632, 800-228-8485, 800-388-2200, and 859-283-8071.

15. Defendant called Ms. Olenick's Cellular Telephone six (6) to seven (7) times per day.

16. Defendant called Ms. Olenick's Cellular Telephone up to eleven (11) times in a single day.

17. All of Defendant's calls to Ms. Olenick's Cellular Telephone were placed in an attempt to collect the Debt.

18. Since December of 2015, Defendant has had at least two hundred twenty five (225) complaints regarding its telephone contact with consumers, including one hundred sixty six (166) complaints categorized as "Frequent or repeated calls" filed against it with the Consumer Financial Protection Bureau. **Exhibit A**.

19. Ms. Olenick has been harassed by the timing and frequency of each of Defendant's calls to her Cellular Telephone.

### Count 1: Violation of the Telephone Consumer Protection Act

20. Ms. Olenick re-alleges paragraphs 1-19 and incorporates the same herein by reference.

21. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

22. Ms. Olenick revoked consent to have Defendant call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around August 2017, and again in October of 2017, when she expressly told Defendant to stop calling her.

23. Despite this revocation of consent, Defendant thereafter called Ms. Olenick's Cellular Telephone at least two hundred (200) times.

24. Defendant did not place any emergency calls to Ms. Olenick's Cellular Telephone.

25. Defendant willfully and knowingly placed non-emergency calls to Ms. Olenick's Cellular Telephone.

26. Ms. Olenick knew that Defendant called Ms. Olenick's Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Defendant on her cellular telephone before a live representative of Defendant came on the line.

27. Ms. Olenick knew that Defendant called Ms. Olenick's Cellular Telephone using a prerecorded voice because Defendant left Ms. Olenick at least one voicemail using a prerecorded voice.

28. Defendant used an ATDS when it placed at least one call to Ms. Olenick's Cellular Telephone.

29. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Ms. Olenick's Cellular Telephone.

30. Under information and belief, Defendant used an ATDS when it placed at least fifty calls to Ms. Olenick's Cellular Telephone.

31. Under information and belief, Defendant used an ATDS when it placed at least one hundred calls to Ms. Olenick's Cellular Telephone.

32. Under information and belief, Defendant used an ATDS when it placed at least one hundred and fifty calls to Ms. Olenick's Cellular Telephone.

33. Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Olenick's Cellular Telephone.

34. At least one call that Defendant placed to Ms. Olenick's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

35. At least one call that Defendant placed to Ms. Olenick's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

36. At least one call that Defendant placed to Ms. Olenick's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

37. At least one call that Defendant placed to Ms. Olenick's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

38. At least one call that Defendant placed to Ms. Olenick's Cellular Telephone was made using a prerecorded voice.

39. Defendant has recorded at least one conversation with Ms. Olenick.

40. Defendant has recorded more than one conversation with Ms. Olenick.

41. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Olenick, for its financial gain.

42. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Olenick's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

43. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Olenick, despite individuals like Ms. Olenick revoking any consent that Defendant believes it may have to place such calls.

44. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to

individual's cellular telephones, like the calls that it placed to Ms. Olenick's Cellular Telephone.

45. Defendant has corporate policies to abuse and harass consumers like Ms. Olenick despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

46. As direct evidence of Defendant's corporate policies and procedures as described above, since December of 2015, Defendant has had at least two hundred twenty five (225) complaints regarding its telephone contact with consumers, including one hundred sixty six (166) complaints categorized as "Frequent or repeated calls" filed against it with the Consumer Financial Protection Bureau. **Exhibit A**.

47. Defendant's phone calls harmed Ms. Olenick by trespassing upon and interfering with Ms. Olenick's rights and interests in her Cellular Telephone line.

48. Defendant's phone calls harmed Ms. Olenick by wasting her time.

49. Defendant's phone calls harmed Ms. Olenick by being a nuisance and causing her aggravation.

50. Defendant's phone calls harmed Ms. Olenick by causing her emotional distress.

51. Defendant's phone calls harmed Ms. Olenick by causing her to lose sleep.

52. Defendant's phone calls harmed Ms. Olenick by causing her embarrassment.

53. Defendant's phone calls harmed Ms. Olenick by causing a risk of personal injury to Ms. Olenick due to interruption and distraction.

54. Defendant's phone calls harmed Ms. Olenick by invading her privacy.

55. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

    b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

    c. Awarding Plaintiff costs;

    d. Ordering an injunction preventing further wrongful contact by the Defendant; and

    e. Any other and further relief as this Court deems equitable.

### Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")

56. Ms. Olenick re-alleges paragraphs 1-19 and incorporates the same herein by reference.

57. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with Ms. Olenick with such frequency as can reasonably be expected to harass Ms. Olenick, and by continuing to place calls to Ms. Olenick's Cellular Telephone despite Ms. Olenick's demands that Defendant cease its calls, which can reasonably be expected to harass Ms. Olenick.

58. As a result of the above violations of the FCCPA, Ms. Olenick has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

59. Defendant's actions have damaged Ms. Olenick by invading her privacy.

60. Defendant's actions have damaged Ms. Olenick by causing her embarrassment.

61. Defendant's actions have damaged Ms. Olenick by causing her stress.

62. Defendant's actions have damaged Ms. Olenick by casing her emotional distress.

63. Defendant's actions have damaged Ms. Olenick by causing her to lose sleep.

64. Defendant's actions have damaged Ms. Olenick by causing her embarrassment.

65. Defendant's actions have damaged Ms. Olenick by causing her aggravation.

66. Defendant's actions have damaged Ms. Olenick by harming her reputation.

67. It has been necessary for Ms. Olenick to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

68. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

      a.  Awarding statutory damages as provided by §559.77, Fla. Stat.;

      b.  Awarding actual damages;

      c.  Awarding punitive damages;

      d.  Awarding costs and attorneys' fees;

      e.  Ordering an injunction preventing further wrongful contact by the Defendant; and

f.  Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Christina Olenick, demands a trial by jury on all issues so triable.

Respectfully submitted this **December 7, 2017**,

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

*/s/  Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff